Matthias, J.
In the action first above named, which is an original suit in mandamus in this courr, it is sought to require a transfer of funds from the Bloom township rural school district of Wood county to the Cygnet village school district of that county.
The action is based upon the proceeding of the Wood county board of education, wherein on June 2, 1919, a resolution was adopted dissolving the Cygnet village school district as it then existed and creating a new district to be known as the Cygnet village school district, composed of the former village school district and a part of the Bloom township rural school district, and also providing for an equitable division of the funds and the payment of a certain portion thereof by the Bloom township rural school district to the Cygnet village school district, action pursuant to which resolution was enjoined, by the court of appeals. The record of that case, upon motion granted, was ordered certified to this court, and the original suit in mandamus and the error case were here argued and submitted together, the issue involved therein being substantially the same.
The question presented is whether the county board of education at the time it so acted was authorized by law to take from a centralized district a portion of its territory, and make it a part of another district, either by process of transferring the same or by the so-called creation of a new district, where subsequent to the vote in favor of centralization a proposition to issue bonds to procure money to erect a school building in the centralized district had twice been submitted to the electors and defeated, the last vote having been taken April 18, 1919.
*77 The Bloom township rural school district from the time of the election which resulted in favor of the proposition of centralization is properly characterized as a “centralized school district” within the contemplation of the statute regulating the same. The provisions of Section 4726, General Code, relative to the erection of a school building, are permissive merely, the authority for the erection of such building, if found to be necessary, being specifically conferred by the provisions of other statutes.
The action in question here was taken by the county board of education June 3, 1919, subsequent to the amendment of Section 4727, General Code, considered and applied in the case of the County Board of Education of Paulding County v. Board of Education of Benton Township School District, ante, 1. But such amendment though enacted April 16, 1919, did not become operative until after the passage of the resolution involved in this ease. Consequently no attempt was made to invoke the jurisdiction of the board of education under the provisions of that amendment, and it has no bearing upon the issue presented except as it manifests a recognition by the legislature of a want of authority of a county board of education, under statutes previously enacted by the legislature and then in force, to transfer territory from a centralized school district. The contemporary and subsequent action of the legislature in reference to the subject-matter is controlling evidence of the intention and purpose of a particular act. (2 Sutherland on Statutory Construction [2 ed.], Section 476.) By the amendment referred to such authority was conferred upon a county board of education, provided a petition be filed with such board as therein provided. Thereby *78 not only was jurisdiction conferred upon the county board of education, but the specific method of invoking same was prescribed.
Prior thereto and at the time this action was taken the matter of transferring territory from a centralized district was necessarily governed by the provisions of the statute then existing, as previously interpreted and applied by this court in the case of State, ex rel. Snapp, v. Gout et al., Board of Education of Champaign Co. School District, 97 Ohio St., 259.
The court of appeals therefore did not err in granting the injunction as prayed, and for like reasons the writ of mandamus in the original action in this court is denied.

Judgment of the court of appeals affirmed, and writ denied.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.